UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | |
|---|---|
| BRYAN PEARSON, ) | |
| ) | |
|    *Petitioner*, ) | |
| ) | |
| v. ) | No.: 3:04-cv-580 |
| ) | (VARLAN/GUYTON) |
| VIRGINIA LEWIS, Warden, ) | |
| ) | |
|    *Respondent*. ) | |

**MEMORANDUM**

This is a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254. The Clerk is **DIRECTED** to serve copies of the petition and this Memorandum and accompanying Judgment Order upon the respondent and the Attorney General for The State of Tennessee. However, for the reasons stated below, the Attorney General shall not be required to file an answer or other pleading to the petition and this action will be **DISMISSED**.

Petitioner pleaded guilty to second degree murder on August 23, 1993, and was sentenced to a term of 25 years imprisonment. On October 28, 2002, he filed a state petition for the writ of habeas corpus. The trial court denied the petition, finding that it did not state a claim for habeas corpus relief; the court also found that, if treated as a petition for post-conviction relief, the petition was barred by the applicable statute of limitation. The Tennessee Court of Criminal Appeals affirmed the denial of habeas corpus relief. *Pearson*

*v. State*, No. E2002-02817-CCA-R3-PC, 2003 WL 21068434 (Tenn. Crim. App. May 12, 2003).

Petitioner filed a second state habeas corpus petition on June 30, 2003. The trial court again denied relief and the Tennessee Court of Criminal Appeals affirmed. *Pearson v. State*, No. E2003-02597-CCA-R3CD, 2004 WL 1606982 (Tenn. Crim. App. July 16, 2004), *perm. app. denied, id.* (Tenn. November 8, 2004).

In his federal habeas corpus petition, petitioner challenges the validity of his conviction and sentence. The federal court received the petition on November 18, 2004. Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the only time constraint for a state prisoner to file a § 2254 habeas corpus petition was if the respondent had been prejudiced in responding to the petition because of the delay in filing. Rule 9(a) of the RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS. As a result of the AEDPA, however, state prisoners now have one year in which to file a § 2254 petition.

Section 101 of the AEDPA amended 28 U.S.C. § 2244 to provide that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period generally runs from the date on which the judgment of conviction became final, with the provision that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).
2

*v. State*, No. E2002-02817-CCA-R3-PC, 2003 WL 21068434 (Tenn. Crim. App. May 12, 2003).

Petitioner filed a second state habeas corpus petition on June 30, 2003. The trial court again denied relief and the Tennessee Court of Criminal Appeals affirmed. *Pearson v. State*, No. E2003-02597-CCA-R3CD, 2004 WL 1606982 (Tenn. Crim. App. July 16, 2004), *perm. app. denied, id.* (Tenn. November 8, 2004).

In his federal habeas corpus petition, petitioner challenges the validity of his conviction and sentence. The federal court received the petition on November 18, 2004. Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the only time constraint for a state prisoner to file a § 2254 habeas corpus petition was if the respondent had been prejudiced in responding to the petition because of the delay in filing. Rule 9(a) of the RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS. As a result of the AEDPA, however, state prisoners now have one year in which to file a § 2254 petition.

Section 101 of the AEDPA amended 28 U.S.C. § 2244 to provide that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period generally runs from the date on which the judgment of conviction became final, with the provision that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's judgment of conviction became final in 1993. Because petitioner's sentence was imposed prior to the AEDPA, the time for filing a § 2254 petition in this court expired on April 24, 1997, which was one year from the effective date of the AEDPA. *Hyatt v. United States*, 207 F.3d 831 (6th Cir. 2000); *Brown v. O'Dea*, 187 F.3d 572, 575 (6th Cir. August 5, 1999). Petitioner did not file his first state petition until October 28, 2002, which was well after the expiration of the limitation period for filing in federal court. Therefore, petitioner's state habeas proceedings did not toll the limitation period, nor did the proceedings reset the limitation period. *See Payton v. Brigano*, 256 F.3d 405, 406 (6th Cir. 2001) (a pending post-conviction petition "merely tolled, rather than reset," the one-year statute of limitation).

Petitioner's petition for the writ of habeas corpus is barred by the statute of limitation and thus will be **DENIED**. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b) of the FEDERAL RULES OF APPELLATE PROCEDURE. The court **CERTIFIES** that any appeal from this action would not be taken in good faith. Therefore, this court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the FEDERAL RULES OF APPELLATE PROCEDURE.

**E N T E R :**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

3